UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-129-FDW

| | |
|---|---|
| TAVIEOLIS HUNT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| JEFFREY WALL, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on periodic status review.

Plaintiff Tavieolis Hunt and four other inmates of the Lanesboro Correctional Institution in Polkton, North Carolina, filed this action pursuant to 42 U.S.C § 1983 on November 7, 2014, alleging that several corrections officers were deliberately indifferent by failing to protect them from violence. The Clerk opened the matter as case number 3:14-cv-625-FDW. Following initial review by the Court, Plaintiff's counsel was instructed to prepare summonses for the named Defendants and submit them to the Clerk of Court for service of process. The Plaintiffs submitted summons forms for service of process on nine Defendants which were returned executed. Several Defendants moved for severance, which was granted on March 10, 2016, and Hunt's amended complaint against Defendants Jeffrey Wall, Jonathan Peguese, FNU Lawrence, and John Does 2 and 3, was opened in the instant case. The record indicates that a summons was electronically issued for Defendant Lawrence on April 19, 2017, however, no return of service or Answer has been docketed for Defendant Lawrence to date. (Doc. No. 6).

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action

1

subject to dismissal. However, if an incarcerated plaintiff proceeding in forma pauperis provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995). Before a case may be dismissed based on failure to effectuate service, the Court must first ensure that the U.S. Marshal has used reasonable efforts to locate and obtain service on the named defendants. See Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort"). Therefore, this Court will instruct the U.S. Marshal to use reasonable efforts to locate and obtain service on Defendant FNU Lawrence.

**IT IS THEREFORE ORDERED THAT**:

(1) Within 30 days of this Order, the U.S. Marshal shall use reasonable efforts to locate and obtain service on Defendant FNU Lawrence and in accordance with Fed. R. Civ. P. 4. If the U.S. Marshal is unable to locate and obtain and service on this Defendants within this time period, the U.S. Marshal shall inform the Court of the efforts taken to locate and serve this Defendant.

(2) The Clerk is respectfully instructed to mail a copy of this Order to the U.S. Marshal.

Signed: July 13, 2017

Frank D. Whitney
Chief United States District Judge