## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:17-cv-129-FDW

| | | |
|---|---|---|
| TAVIEOLIS HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| JEFFREY WALL, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on periodic status review.

Plaintiff Tavieolis Hunt and four other inmates of the Lanesboro Correctional Institution in Polkton, North Carolina, filed this action pursuant to 42 U.S.C § 1983 on November 7, 2014, alleging that several corrections officers were deliberately indifferent by failing to protect them from violence. The Clerk opened the matter as case number 3:14-cv-625-FDW. Following initial review by the Court, Plaintiff's counsel was instructed to prepare summonses for the named Defendants and submit them to the Clerk of Court for service of process. The Plaintiffs submitted summons forms for service of process on nine Defendants which were returned executed. Several Defendants moved for severance, which was granted on March 10, 2016, and Hunt's amended complaint against Defendants Jeffrey Wall, Jonathan Peguese, FNU Lawrence, and John Does 2 and 3, was opened in the instant case. A summons was electronically issued for Defendant Lawrence on April 19, 2017, however, no return of service or Answer was docketed. (Doc. No. 6). On July 14, 2017, the Court ordered the United States Marshal to use reasonable efforts to locate and serve Defendant Lawrence. (Doc. No. 13). On July 20, 2017, the summons was returned "executed," however, a review of the summons reveals that it was "served" on the North Carolina

Department of Justice, care of Joseph Finarelli, who has not entered an appearance on Lawrence's behalf. (Doc. No. 17). The record does not indicate that Lawrence has actually received service of process.

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. However, if an incarcerated plaintiff proceeding in forma pauperis provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995).

Because it appears to the Court that Defendant Lawrence may not have received service of process, this Court will instruct the United States Marshal to use reasonable efforts to locate and obtain service on Defendant Lawrence at Lawrence's home address in accordance with Rule 4 of the Federal Rules of Civil Procedure. If the United States Marshal obtains the home address for Defendant Lawrence, the address may be redacted from the summons forms for security purposes following service on Defendant.

   **IT IS THEREFORE ORDERED that:**

(1)     The United States Marshal shall use all reasonable efforts to locate and obtain personal service on Defendant FNU Lawrence.

(2)     The Clerk is respectfully instructed to mail a copy of this Order to the United States Marshal.

Signed: August 1, 2017

Frank D. Whitney
Chief United States District Judge